UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEROME D. ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01405-WTL-TAB |
| | ) | |
| GERARD SPEARS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Jerome Robertson, an inmate at the Pendleton Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that that defendant Gerard Spears has placed him on building confinement thereby denying him "group therapy."

**I. Screening**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v.*

*Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).

The plaintiff appears to allege deliberate indifference to his serious medical needs in violation of the Eighth Amendment. To support a claim that there has been a violation of this right, a plaintiff must demonstrate two elements: (1) an objectively serious medical condition; and (2) deliberate indifference by the prison official to that condition. *Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir. 2006). As to the first element, "[a]n objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *King v. Kramer,* 680 F.3d

1013, 1018 (7th Cir. 2012) (internal quotation omitted). While Mr. Robertson asserts that his medical code is "D," he does not explain what this means or otherwise describe his mental illness. He has not provided enough information to conclude that he does have a serious medical need and has therefore failed to raise his right to relief above a speculative level.

## II. Opportunity to File an Amended Complaint

Mr. Robertson has not alleged enough facts to show a denial of his constitutional rights. His complaint is therefore **dismissed**. He will have **through November 5, 2015**, in which to file an amended complaint. In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Date: 10/8/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JEROME D. ROBERTSON
894086
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only